James L. Ellison (Oregon State Bar No. 202587)
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone:  310.596.4500
JEllison@maynardnexsen.com

Attorneys for Interpleader Plaintiff
The Independent Order of Foresters

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **THE INDEPENDENT ORDER OF FORESTERS,** | Case No. |
| **Interpleader Plaintiff,** | **COMPLAINT-IN-INTERPLEADER** |
| **vs.** | |
| **JOYCE J. CALDWELL a/k/a JOYCE J. HOOPER a/k/a JOYCE J. CHALMERS, and ANDREW LEE HOOPER,** | |
| **Interpleader Defendants.** | |

Interpleader Plaintiff The Independent Order of Foresters ("Foresters"), pursuant to Federal Rule of Procedure Rule 22, hereby submits this Complaint-in-Interpleader against Interpleader Defendants Joyce J. Caldwell a/k/a Joyce J. Hooper a/k/a Joyce J. Chalmers ("Ms. Caldwell") and Andrew Lee Hooper ("Mr. Hooper," and collectively with Ms. Caldwell, the "Interpleader Defendants"), as follows:

### PARTIES

1.     Foresters is a fraternal benefit society organized under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada.  Accordingly, Foresters is a citizen of Ontario, Canada.  Foresters is, and at all relevant times was, authorized to transact business in the State of Oregon.

1

2.      Ms. Caldwell is a citizen of the State of Oregon, and she has been domiciled in in Coos Bay, Oregon at all relevant times.  Upon information and belief, Ms. Caldwell is the former common law spouse of Robert L. Hooper, Sr. (the "Insured").

3.      Mr. Hooper is a citizen of the State of Oregon, and he has been domiciled in North Bend, Oregon at all relevant times.  Upon information and belief, Mr. Hooper is the son of the Insured.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between the Foresters and the Interpleader Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because at least one of the Interpleader Defendants resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred

## FACTUAL ALLEGATIONS

6.      On or around June 4, 2013, Foresters issued a life insurance certificate on the life of Robert L. Hooper, Sr. (defined above as "the Insured") in the face amount of $100,000.00— Term Life Certificate No. 8205034 (the "Certificate").  In the application that was incorporated as part of the Certificate, the Insured was designated as the Certificate's owner, and Ms. Caldwell, identified as the Insured's "common-law spouse," was designated as the Certificate's primary beneficiary.  No contingent beneficiary was designated.

7.      The Certificate was issued and delivered to the Insured in the State of Oregon.

8.      On or around July 17, 2025, the Insured contacted Foresters by telephone to request the addition of Mr. Hooper, the Insured's son, as a beneficiary of the Certificate.

2

9. On or around August 7, 2025, Foresters received a Beneficiary Change Form dated July 28, 2025, and purportedly signed by the Insured, which designated Mr. Hooper as the Certificate's primary beneficiary, and which requested that Mr. Hooper be designated as an irrevocable beneficiary of the Certificate.

10. On August 8, 2025, the Insured died.

11. By letter dated August 13, 2025, Foresters advised the Insured that it required a sample of the Insured's signature from a government-issued identification in order to process the Beneficiary Change Form.

12. By letter dated August 18, 2025, attorney Michael Hoover ("Mr. Hoover") of Interpleader Law, LLC advised Foresters, *inter alia*, the following: (i) the Insured had died, (ii) Mr. Hoover represented Mr. Hooper, and (iii) requesting that Foresters honor the Beneficiary Change Form dated July 28, 2025.

13. By letter dated August 21, 2025, Foresters advised Mr. Hoover, *inter alia*, that the Beneficiary Change Form was not accepted before the Insured's death because Foresters required a sample of the Insured's signature from a government-issued identification in order to process the Beneficiary Change Form. As part of this correspondence, Foresters further requested that Mr. Hoover provide a government-issued identification showing the Insured's signature, the Insured's death certificate, and a completed Claimant Statement form for Mr. Hooper.

14. On or around September 23, 2025, Ms. Caldwell initiated a claim with Foresters for the Certificate's death benefit. In connection with her claim, Ms. Caldwell submitted, *inter alia*, the following items to Foresters: (i) a Claimant's Statement, identifying herself as the Insured's "spouse," (ii) a copy of the Insured's Certificate of Death showing that the Insured died on August 8, 2025, (iii) an Application, License, and Record of Marriage for Ms. Caldwell and the

Insured, and (iv) a General Judgment of Separation of Marriage entered by the Circuit Court for Coos County, Oregon, and dated May 9, 2018.

15.    On or around October 6, 2025, Mr. Hoover, on behalf of Mr. Hooper, submitted to Foresters, *inter alia*, the following: (i) a completed Claimant's Statement, (ii) a copy of the Insured's Certificate of death, and (iii) copies of the Insured's driver's license and military identification card.

16.    By letters dated October 30, 2025, Foresters wrote to Mr. Hooper and Ms. Caldwell regarding the competing claims to the Certificate's death benefit.  As part of this correspondence, Foresters offered the Interpleader Defendants a fifteen-day courtesy period to explore a resolution of their competing claims, and Foresters further advised in relevant part: "If we do not receive your withdrawal or direction of a resolution within 15 days we will proceed with the interpleader of these funds."

17.    By letters dated June 25, 2026, Foresters again wrote to Mr. Hooper and Ms. Caldwell regarding the competing claims to the Policy's death benefit, and Foresters explained that it was writing to the Interpleader Defendants in an "attempt to provide competing claimants with the opportunity to reach a resolution before[] proceed[ing] to interplead in court."  Foresters offered an additional 30-day courtesy period for the Interpleader Defendants to explore a resolution of their competing claims.

18.    To date, the Interpleader Defendants have not resolved their competing claims, and based upon the foregoing, Foresters cannot determine without peril the proper beneficiary entitled to the Certificate's death benefit.  As a result, Foresters has been compelled to retain counsel and file the instant interpleader lawsuit.

## INTERPLEADER TO DEPOSIT CERTIFICATE PROCEEDS
## INTO THE REGISTRY OF THE COURT

19.     Foresters incorporates by this reference each preceding paragraph as if fully set forth herein.

20.     Foresters admits that the Certificate's death benefit in the amount of $100,000.00 is payable.  However, due to the issues described above, Foresters cannot determine without peril the proper beneficiary to whom the Certificate's death benefit is owed.

21.     Foresters claims no beneficial interest in the Certificate's death benefit, and Foresters is instead a mere stakeholder.

22.     Unless the conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Foresters may be subject to multiple litigation and faces substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Certificate's death benefit.

23.     Foresters is ready, willing, and able to pay the Certificate's death benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

24.     Foresters is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Foresters for the recovery of any claim, in whole or in part, against the Certificate and/or the Certificate's death benefit.

25.     Foresters should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

### PRAYER FOR RELIEF

WHEREFORE, Foresters respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

5

1.      That the Certificate's death benefit be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2.      That the Court adjudicate the issue of which Interpleader Defendant is rightfully entitled to the Certificate's death benefit;

3.      That the Court enter an order enjoining each of the Interpleader Defendants, their agents, trustees, attorneys, and/or assigns, and any other purported beneficiaries of the Certificate, from instituting or maintaining any action in any court or forum against Foresters for the recovery of any claim, in whole or in part, against the Certificate and/or the Certificate's death benefit;

4.      That Foresters be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Certificate, with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

5.      That an award be made to Foresters out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that Foresters is compelled to expend in the prosecution of this lawsuit; and

6.      That Foresters be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this 5th day of August, 2026.

MAYNARD NEXSEN LLP,

/s/ *James L. Ellison*
James L. Ellison
MAYNARD NEXSEN LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
Telephone:  310.596.4500
JEllison@maynardnexsen.com

***Attorneys for Interpleader Plaintiff***
***The Independent Order of Foresters***